UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
DAISY REMIGIO.                                      :     Index No: 14Civ. _____

                Plaintiff,            :
                                      :
        vs.                                      :     **ORIGINAL COMPLAINT**
                                      :
STANDARD FIRE INSURANCE COMPANY.
                                      :     **Jury Trial:  No**
                                      :
              Defendant.           :
---------------------------------------------------------------X

Plaintiff, by her attorneys, Gauthier, Houghtaling & Williams, for her Complaint against the Defendant, Standard Fire Insurance Company, allege the following upon information and belief:

## PARTIES

1.    The Plaintiff listed in the table below is an individuals who resides and is domiciled in this judicial district.  The property located at the addresses shown below, was insured against flood damages by the Defendant.

| Name | Address | City | State | Zip | Insurance Policy Number |
|---|---|---|---|---|---|
| Daisy Remigio | 559 Beach 72nd  Street | Far Rockaway | NY | 11691-1506 | 60056147112012 |

2.    Standard Fire Insurance Company ("Defendant"), was and is a private insurance company incorporated under the laws of the State of Connecticut with its principal place of business located at One Tower Square, Hartford, CT 06183.

3. Defendant is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, et seq. Defendant issued Standard Flood Insurance Policy (the "Policy") in its own name, as a fiscal agent of the United States. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Defendant was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

## JURISDICTION

4. This action arises under the NFIA, Federal regulations and common law, and the flood insurance Policy that Defendant procured for and issued to Plaintiff in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiff's properties, which are all located in this judicial district.

5. Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA Policy, without regard to the amount in controversy, whether brought against the government or a WYO company.

6. This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured properties are located in this judicial district.

7. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiff' properties are located and where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

9. Plaintiffs purchased Standard Flood Insurance Policy (the "Policy") from Defendant to insure their property and contents located at the addresses shown above against physical damage by or from flood.

10. Plaintiffs paid all premiums when due and the Policy was in full force and effect on the date relevant to this suit.

11. On or about October 29, 2012, Superstorm Sandy (the "Storm") made landfall in the greater New York Metropolitan area, causing widespread devastation and severely damaging Plaintiffs' insured properties.

12. As a result of the Storm, Plaintiff suffered losses by and from flood to her insured property and to personal property and contents located therein. Plaintiff has incurred and/or will incur significant expenses to repair and replace her flood-damaged properties.

13. Plaintiff reported the damage and properly submitted their claim to Defendant. Plaintiff duly performed and fully complied with all of the conditions of the Policy.

14. Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the claims of Plaintiffs.

15. Plaintiff retained independent experts to evaluate the damages to her insured property caused by and from flood. The experts determined and found conclusive evidence that the flood event critically damaged Plaintiff's covered property. These damages were thoroughly documented and reports were submitted to Defendant for review. Defendant has unfairly and improperly persisted in denying the claims.

### FIRST CLAIM FOR RELIEF

*Breach of Contract*

16. Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

17. Plaintiff and Defendant entered into contracts when Plaintiff purchased and Defendant issued the Policy.

18. The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiff for, among other things, physical damage caused by flood to their property and contents located at the addresses shown above.

19. Plaintiff fully performed under the contracts by paying all premiums when due and cooperating with Defendant regarding their respective claims. Plaintiff complied with all conditions precedent to their recovery herein, including appropriate and adequate demands, or Defendant waived or excused such conditions precedent.

20. Defendant failed to perform and materially breached the insurance contracts when it wrongly failed to pay and refused to reimburse Plaintiff what she was owed for damages the Storm caused to property covered by the Policy. Defendant also breached the contracts by failing to perform other obligations it owed under the Policy.

21. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiff for her covered losses, Defendant is liable to and owes Plaintiff for the actual damages they sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered properties, together with interest and all other damages Plaintiffs may prove as allowed by law.

## REQUEST FOR RELIEF

**WHEREFORE**, the Plaintiff named herein respectfully request that the Court enter judgment in her favor for such amounts as Plaintiff may prove at trial, for reasonable attorneys' fees and costs, expenses, pre-judgment and post-judgment interest as provided by law, and other and further relief the Court may deem just and proper.

Respectfully submitted,

**GAUTHIER, HOUGHTALING & WILLIAMS, L.L.P.**

/s/ Tracey Rannals Bryan
Tracey Rannals Bryan (LA #22560)
TB3131
3500 N. Hullen Street
Metairie, LA 70002
Telephone:     504-456-8600
Facsimile:     504-456-8624
Attorney for Plaintiff